# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**FILED**

March 16, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 14-0830** (Webster County 10-JD-15 & 13-JD-10)

**T.A.,**
**Respondent Below, Petitioner**

## MEMORANDUM DECISION

Petitioner T.A., by counsel Steven Nanners, appeals the Circuit Court of Webster County's July 25, 2014, order committing him to the custody of the Division of Juvenile Services ("DJS").[1] The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that the circuit court erred in failing to adopt the least restrictive sentencing recommendation in his diagnostic evaluation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2010, the State filed a juvenile delinquency petition against fourteen-year-old T.A. alleging that he was defiant, incorrigible, and would not obey the lawful supervision of his mother. The petition also alleged that petitioner missed forty-eight and one half days of school. Thereafter, the circuit court placed petitioner on probation. Several month later, the State filed an amended petition charging petitioner with consumption of alcohol by a person under the age of twenty-one.

Following a review hearing, the circuit court ordered petitioner to complete a juvenile program at the Elkins Mountain School. Petitioner successfully completed the program and again was placed on probation by order entered August 12, 2013. The terms of petitioner's probation required, among other things, that he refrain from receiving any "in school or out of school suspensions." On October 1, 2013, the State filed a motion to revoke petitioner's probation after he was suspended from school for five days for fighting. As a result of the above-mentioned fight, the State filed a second juvenile delinquency petition charging petitioner with battery in violation of West Virginia Code § 61-2-9(c), and conspiracy in violation of West Virginia Code § 61-10-31. In December of 2013, the State filed an amended petition charging petitioner with

---

[1]We use petitioner's initials, rather than his full name, because he is a juvenile. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

malicious wounding resulting from another fight in November of 2013, in violation of West Virginia Code § 61-2-9.

On February 6, 2014, petitioner entered into an agreement whereby he admitted to unlawful wounding, as a lesser included offense of malicious wounding as a result of the November fight. As part of his agreement, the State dismissed the remaining charges against petitioner, recommended petitioner receive a diagnostic evaluation, and agreed to recommend the disposition as determined by the evaluation. Accordingly, the circuit court found petitioner guilty of unlawful wounding and adjudicated petitioner as a juvenile delinquent. Further, the circuit court sentenced petitioner to the Donald R. Kuhn Juvenile Center for a sixty-day diagnostic evaluation.

After completing the diagnostic evaluation, the circuit court held a dispositional hearing on June 9, 2014. The diagnostic evaluation recommended that petitioner be placed on probation, to which the State agreed. However, the circuit court determined that based upon petitioner's lengthy delinquent history, his two probationary periods (which he violated) and the severity of the victim's injuries, that petitioner should be committed to the custody of the DJS for a period not to exceed his twenty-first birthday. It is from this order that petitioner appeals.

We have held that

> the standard of review with regard to a circuit court's sentencing order or disposition under W.Va.Code, 49–5–13 (2002), is whether the circuit court's ruling constitutes an abuse of discretion. *State v. Kirk N.*, 214 W.Va. 730, 741, 591 S.E.2d 288, 299 (2003), quoting *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 471, 269 S.E.2d 401, 416 (1980), ("discretionary" rulings of circuit courts at the dispositional stage in juvenile cases "should only be reversed where they are not supported by the evidence or are wrong as a matter of law"); *In the Interest of Thomas L.*, 204 W.Va. 501, 504, 513 S.E.2d 908, 911 (1998), (disposition in juvenile case held to be within the circuit court's "sound discretion"); *State ex rel. Department of Health and Human Resources v. Frazier*, 198 W.Va. 678, 683, 482 S.E.2d 663, 668 (1996), (circuit courts are "vested with discretion to select the appropriate disposition for a particular juvenile").

*State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005).

On appeal, petitioner argues that the circuit court erred in failing to adopt the sentencing recommendation in his diagnostic evaluation and that his placement in DJS custody until he turned twenty-one years old was not the least restrictive disposition available pursuant to West Virginia Code § 49-5-13(b). We disagree. Petitioner failed to cite to any legal authority that bound the circuit court to sentence petitioner according to the diagnostic evaluation, and the Court finds no error in the circuit court's ruling in this regard. West Virginia Code § 49-5-13(b) gives circuit courts discretion to elect from several dispositional alternatives in disposing of juvenile delinquency cases. A review of the evidence shows that the circuit court articulated on the record evidence to support its reasons for denying petitioner probation and placing him in the custody of DJS. Petitioner's history of non-compliant behavior, lengthy delinquent history with

the circuit court, and the severity of the victim's injuries, coupled with the best interest of petitioner and the welfare of the public, provided adequate basis for the circuit court's decision. We find no abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II